JANET M. HEROLD
Regional Solicitor
IAN ELIASOPH (Cal Bar. #227557)
Counsel for ERISA
JENNIFER L. STA.ANA (Cal. Bar. #307977)
Trial Attorney
EDUARD MELESHINSKY (Cal. Bar. #300547)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone:  415-625-7767
meleshinsky.eduard.r@dol.gov
*Attorneys for Plaintiff Eugene Scalia,
United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| EUGENE SCALIA,<br>　　Secretary of Labor,<br>　　United States Department of Labor,<br><br>　　　　　　　　　　Plaintiff,<br>　　　　v.<br><br>SIN CITY INVESTMENT GROUP, INC., et al.<br><br>　　　　　　　　　　Defendants. | Case No. 2:19-cv-00361<br><br>**JUDGMENT AND ORDER**<br><br>Hon. James C. Mahan |

This Court, having granted Summary Judgment in favor of the Secretary with respect to the first and second claims described herein (ECF No. 46), hereby **ORDERS** the relief set forth in this **JUDGMENT AND ORDER.**

## I.

**IT IS ORDERED AND ADJUDGED** that judgment be entered for Plaintiff Eugene Scalia, Secretary of Labor, U.S. Department of Labor, on the following claims:

1. By failing or refusing remit employee contributions to employee-participants of American Leak SIMPLE IRA Plan ("the Plan") from March 1, 2013 to May 20, 2017, Defendant Sin City Investment Group, Inc. dba American Leak Detection ("Company") and Defendant Leland Keith Ozawa, acting in their fiduciary capacities, violated the Employee Retirement Income Security Act of 1974 ("ERISA") by:

   a. Permitting the assets of the Plan to inure to the benefit of Defendant American Leak and Defendant Ozawa, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

   b. Failing to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

   c. Failing to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

   d. Causing the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D); and

   e. Dealing with assets of the Plan in their own interests and acting on behalf

of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(1) and (2), 29 U.S.C. § 1106(b)(1) and (2).

2. By not having Plan governing documents from March 2013 to May 20, 2017, the Defendant Company and Defendant Ozawa violated ERISA by:

   a. Failing to establish and maintain an employee benefit plan by written instrument, in violation of ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1).

   b. Failing to provide, by written instrument, a procedure for establishing and carrying out a funding policy and method consistent with Plan objectives and statutory requirements, in violation of ERISA § 402(b)(1), 29 U.S.C. § 1102(b)(1).

   c. Failing to describe, by written instrument, a procedure under the Plan for the allocation of responsibilities for the operation and administration of the Plan, provide a procedure for any Plan amendments, and assign who has authority to amend the Plan, in violation of ERISA §§ 402(b)(2) and (3), 29 U.S.C. § 1102(b)(2) and (3).

   d. Failing to specify, by written instrument, the basis on which payments are made to and from the Plan, in violation of ERISA § 402(b)(4), 29 U.S.C. § 1102(b)(4).

   e. Failing to name in trust instrument or Plan instrument a person who is a named fiduciary as a trustee, in violation of ERISA § 403(a), 29 U.S.C. § 1103(a).

3. Defendant Company and Defendant Ozawa are co-fiduciaries under ERISA § 405(a)(1) and (2), 29 U.S.C. § 1105(a)(1) and (2) for all ERISA violations, as each was aware, or reasonably should have been aware, of the breach of fiduciary responsibility of the other Defendant, making them jointly liable for said breach of fiduciary responsibility to the Plan.

4. As a proximate and direct result of the above violations, Defendant Company and Defendant Ozawa have denied Plan participants and beneficiaries of timely employee

contributions into the Plan, and Defendants have denied Plan participants of lost opportunity costs.

II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. Within thirty (30) days of entry of this Judgment and Order, Defendant Company and Defendant Ozawa shall make payment to the Plan in the amount of $41,077.99 to remedy missing employee contributions for Plan participants, and shall make payment to the Plan in the amount of $10,356.90 in lost opportunity costs, which are calculated at the post-judgment interest rate contained in 28 U.S.C. § 1961 for the overdue contributions. Post-judgment interest will continue to accrue pending payment. No amounts restored shall go to the Plan account of Defendant Ozawa.

2. Defendant Company and Defendant Ozawa shall restore the employee contributions and pay the lost opportunity costs to the Plan participants in an amount that is set forth by the Secretary in **Exhibit A** of this Judgment. No amounts restored shall go to the Plan account of Defendant Ozawa. Within ten (10) days of restoring employee contributions and paying lost opportunity costs, and no later than August 15, 2020, Defendant Company and Defendant Ozawa shall provide all written proof and documentation to the Secretary that the amounts were restored and correctly allocated to the Plan participants.

3. Effective immediately upon entry of this Judgment and Order by the Court, Defendant Company and Defendant Ozawa are permanently enjoined and restrained from violating any provision of ERISA in the future. Except to complete the functions set forth in Section II, Paragraphs 1 and 2, Defendant Ozawa is permanently enjoined and restrained from serving as a fiduciary or service provider in connection with any ERISA-covered plan. Defendant Company may remain a fiduciary to the Plan. However, Defendant Company must appoint new fiduciaries to oversee contributions to the Plan and any other ERSIA-covered plans offered by Defendant Company.

1  The Court directs the entry of this Judgment as a final Order. This Court shall retain
2  jurisdiction to enforce this Judgment and Order.
3  IS IT IS SO ORDERED, ADJUDGED, AND DECREED.
4
5
6  DATED: July 27, 2020
7
8
9                                                                                                                                    
   HONORABLE JAMES C. MAHAN
10  UNITED STATES DISTRICT JUDGE

JANET M. HEROLD
Regional Solicitor
IAN ELIASOPH (Cal. Bar No. #227557)
Counsel for ERISA
JENNIFER L. STA.ANA (Cal. Bar #307977)
Trial Attorney
EDUARD MELESHINSKY (Cal. Bar #300547)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone:  415-625-7744
Meleshinsky.eduard.r@dol.gov
*Attorneys for Plaintiff Eugene Scalia,
United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| EUGENE SCALIA,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                          Plaintiff,<br>         v.<br><br>SIN CITY INVESTMENT GROUP, INC., et al.<br><br>                          Defendants. | Case No. 2:19-cv-00361<br><br>**DECLARATION OF NICHOLAS SCHROTH**<br><br>Hon. Judge James C. Mahan |

I, NICHOLAS SCHROTH, declare as follows:

1. I am an Investigator employed by the Employee Benefits Security Administration of the U.S. Department of Labor ("EBSA"), and I am based in San Francisco, California.

2. I have personal knowledge of the matters set forth below. If called as a witness, I could and would testify competently to the matters set forth below.

3. I was assigned to the investigation of American Leak Detection SIMPLE IRA Plan ("the Plan"), which, as the investigation showed, was established in 2003 by American Leak Detection ("American Leak"), a business purchased by Sin City Investment Group ("SCI") in 2002.

4. The results of the investigation show that employee contributions could be reasonably segregated into the Plan within seven (7) days.

5. EBSA calculated that from March 1, 2013 to May 20, 2017, American Leak and Leland Keith Ozawa untimely remitted $94,648.41 in employee contributions to the Plan. The investigation showed that employee contributions were late ranging from eight (8) to 1530 days. An updated calculation shows that American Leak and Ozawa untimely remitted $90,376.65 in employee contributions.

6. EBSA calculated that $54,677.99 in employee contributions have been withheld by American Leak and Ozawa from Plan participants from March 1, 2013 to May 20, 2017 but never remitted to the Plan. Of these amounts, $13,600.00 was unremitted to Ozawa's account leaving $41,077.99 that was not remitted to the accounts of other participants.

7. I calculated the lost opportunity costs resulting from Defendants' ERISA breaches as of July 6, 2020. I prepared a spreadsheet and calculated lost earnings from March 1, 2013 to July 6, 2020, which totaled $10,356.90. I used post-judgment interest rates as set forth in 28 U.S.C. § 1961 for all years in making this calculation.

8. The Plan, excluding Ozawa, is owed $41,077.99 in employee contributions, and $10,356.90 in lost opportunity costs. Attached hereto as **Exhibit A** are my calculations.

1
2      I declare under penalty of perjury that the foregoing is true and correct. Executed in San
3   Francisco, CA on June 29, 2020.



NICHOLAS SCHROTH

# EXHIBIT A

**EXHIBIT A**

| Plan Participant | Outstanding Employee Contributions | Lost Opportunity Costs | Total Due |
|---|---|---|---|
| Eduardo Otero | $29,402.63 | $7,080.96 | $36,483.59 |
| Linda Markiewiez | $3,232.50 | $928.46 | $4,160.96 |
| Robert Collins | $8,442.86 | $2,347.49 | $10,790.35 |
| **TOTAL** | **$41,077.99** | **$10,356.90** | **$51,434.89** |